# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

TRAVIS HOWARD                                                                               PLAINTIFF

V.                                    No. 3:20-CV-275-JTR

KILOLO KIJAKAZI, Commissioner
Social Security Administration[1]                                                           DEFENDANT

## ORDER

### I.   Introduction

Plaintiff, Travis Howard ("Howard"), applied for Title XVI supplemental security income benefits on August 21, 2018, alleging disability beginning on January 1, 2018.[2] (Tr. at 10). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application on January 9, 2020. (Tr. at 18). The Appeals Council denied his request for review on July 24, 2020, making the ALJ's denial of Howard's application for benefits the final decision of the Commissioner. (Tr. at 1–3).

For the reasons stated below, the Court[3] affirms the decision of the Commissioner.

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is substituted as the Defendant in this action. Fed. R. Civ. P. 25(d).

[2] For Title XVI applications, the relevant time-period begins on the date the application was filed. (Tr. at 11).

[3] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

## II.  The Commissioner's Decision

The ALJ found that Howard, who was born on June 4, 1967, had not engaged in substantial gainful activity since the application date of August 21, 2018.[4] (Tr. at 12–16). The ALJ found, at Step Two, that Howard had the following severe impairments: degenerative disc disease, osteoarthritis, and hypertension. (Tr. at 13).

After finding that Howard's impairments did not meet or equal a listed impairment (Tr. at 13), the ALJ determined that Howard had the residual functional capacity ("RFC") to perform work at the light exertional level, except that Howard could no more than occasionally stoop, kneel, crouch, or crawl. *Id*.

The ALJ determined that Howard had no past relevant work. (Tr. at 16). At Step Five, the ALJ relied upon Vocational Expert ("VE") testimony to find that, based on Howard's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform, including positions as hand packer and machine operator. (Tr. at 17). Thus, the ALJ concluded that Howard was not disabled. *Id*.

---

[4] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work23; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g).

### III. Discussion

#### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

### B.   Howard's Arguments on Appeal

Howard contends that the evidence supporting the ALJ's decision to deny his application for benefits is less than substantial. He argues that: (1) the ALJ erred in his treatment of opinion evidence; and (2) the RFC did not incorporate all of Howard's limitations.

The medical record is thin, but objective testing results showed no more than mild-to-moderate conditions (x-rays of the lumbar spine and both knees showed mild osteoarthritis). (Tr. at 15, 354–357). Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738–39 (8th Cir. 2004). (Tr. at 15, 354–357). Howard's podiatrist suggested conservative treatment like arch supports and home physical therapy to treat bilateral pes planus. (Tr. at 346). The need for only conservative treatment contradicts allegations of disabling conditions. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). At an August 22, 2018 consultative examination with Dr. Tara Oetken, M.D, Howard had a normal gait, could ambulate without assistance, and could stand on

his toes and heels and tandem walk. (Tr. at 335–336). He had good motor tone and strength and no abnormal reflexes. *Id*.

With respect to hypertension, Howard's doctors recommended that he monitor it at home. (Tr. at 370–371).

Howard admitted that he could walk two or three blocks, could cook, could shop for groceries, and could vacuum. (Tr. at 14, 334). Such daily activities undermine his claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

There were some medical opinions in the record. Dr. Oetken wrote, in the concluding paragraph of her examination report, that Howard could sit for a full workday, but would have limitations in walking and standing (Tr. at 336); her statement suggested that Howard could not perform work at the light exertional level.

Lee Woodruff, DPM, PA, the podiatrist who diagnosed bilateral pes planus and recommended conservative care, wrote in a clinic note that Howard may be limited in his ability to perform duties that required prolonged walking or standing. (Tr. at 346-348). At the same time, Woodruff wrote that because he had only seen Howard one time, he did not know his long-term prognosis. *Id*.

The two Disability Determination Services medical experts reviewed the records and found that Howard was capable of light exertional work. (Tr. at 15–16, 60–72).

On January 28, 2017, the Administration promulgated new regulations governing how ALJs assess medical opinion evidence. The new rules, with an effective date of March 27, 2017, focus on whether an opinion is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes: (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. See 20 C.F.R. § 404, 1520c(a)–(c)(2017). An opinion is more persuasive if it is consistent with and supported by the medical evidence as a whole. 20 C.F.R. § 416.920c(c)(1)–(2) (2017). *See Phillips v. Saul*, 1:19-CV-34-BD, 2020 WL 3451519, at \*2 (E.D. Ark. June 24, 2020). An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Id*.

The ALJ found that Dr. Oetken's opinion was not persuasive, and explained that the opinion was inconsistent with generally normal physical examinations. (Tr. at 16). Dr. Oetken's opinion was also inconsistent with Howard's admitted ability to perform daily activities. The record did not fully support Dr. Oetken's opinion, and the ALJ explained why. He properly considered her opinion.

On the other hand, the ALJ found that the two DDS experts' opinions that Howard could perform light exertional work were persuasive, again citing to relatively normal objective testing and normal clinical examinations. (Tr. at 16). The ALJ discussed these opinions and gave good reasons for finding them to be persuasive. *Id*.

The ALJ did not mention Woodruff's statement limiting Howard's ability to walk or stand for prolonged periods, which was proper. Dr. Woodruff did not assess function-by-function limitations or support his statement with any citation to medical evidence. It was inconsistent with Woodruff's conservative treatment plan. And it was based on only one office visit. The ALJ committed no error in his assessment of medical evidence.[5]

Likewise, the ALJ's RFC finding was proper. Again, because of relatively normal examinations, conservative treatment, a limited medical record, and Howard's ability to perform a variety of daily activities, the RFC for light work made sense.[6] It fully incorporated Howard's credible limitations.

---

[5] Physician opinions inconsistent with the record as a whole may be discounted in full or in part. *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010); *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002).

[6] A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

## IV. Conclusion

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly analyzed the medical opinions and the RFC incorporated all of Howard's credible limitations. The finding that Howard was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

ORDERED this 16th day of August, 2021.

_____
UNITED STATES MAGISTRATE JUDGE